# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

ROBERT JEFFREY BRADY                                                        PLAINTIFF
ADC # 116780

v.                                          4:14CV00177-JM-JJV

RAY HOBBS; *et al.*                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James Moody, Jr. Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a  hearing is granted) was not offered at  the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.   INTRODUCTION

Robert Jeffrey Brady ("Plaintiff"), an inmate of the Arkansas Department of Correction ("ADC"), filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights (Doc. No. 2).  After careful review of the documents submitted by Plaintiff, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted and his Complaint should be dismissed.

## II.   BACKGROUND

Plaintiff is an inmate of the Ouachita River Corrections Unit ("ORCU") of the ADC. He alleges that on September 4, 2013, after having his leg and foot amputated,[1] he was attacked by inmate Harry Hamm, due to Officer Dempsey's alleged failure to follow prison policy (Doc. No. 2 at 4). Specifically, Plaintiff alleges that Officer Dempsey left Mr. Hamm unsecured and unattended near him. (*Id*. at 4-5.) Mr. Hamm allegedly approached Plaintiff and pulled him from his wheelchair, causing the amputation wound to split open (*Id*. at 5).

---

[1]The Court notes that Plaintiff has filed a separate suit regarding the incidents which led to the loss of his leg and foot. *See* 5:14-CV-103 JLH-BD. The immediate suit relates only to the alleged incidents occurring after the amputation had taken place.

Afterwards, Plaintiff alleges that he spoke to Defendant King about the attack and was told to "do what [he] needed to do" (Doc. No. 2 at 5). Plaintiff states he then filled out a statement and was questioned by Lieutenant Carl and an unnamed sergeant (*Id.* at 6). Carl and the sergeant allegedly threatened Plaintiff, and told him that no disciplinary action would be taken against him if he left the matter alone (*Id.*).[2]

## III.    SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,* 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).   The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez,* 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts."  *Id.*

---

[2]Lieutenant Carl and the unnamed sergeant have not been named as defendants to this action.

## IV.    ANALYSIS

Plaintiff names four defendants in his Complaint: (1) Ray Hobbs, Director of the ADC, (2) Dale Reed, Warden of the ORCU, (3) Captain King of the ORCU, and (4) Corrections Officer Dempsey of the ORCU.  For the reasons stated below, the Court finds that Plaintiff has failed to allege a claim upon which relief can be granted against any of the defendants.

### A.    Official Capacity

The Court begins by noting that Plaintiff elected to sue all defendants in their official capacities only (Doc. No. 2 at 2). A claim against an official in his or her official capacity is treated as a claim against the entity of which that official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As defendants are all officials of the ADC, Plaintiff is, in effect, suing only the ADC for relief.

Per his Complaint, Plaintiff seeks only damages for relief. A §1983 claim for damages against a state, state agency, or state official sued in his official capacity for damages is, however, barred by the Eleventh Amendment. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989) (holding that neither a state nor a state official in his official capacity is a "person" for purposes of a §1983 damages action). Accordingly, Plaintiff's claims against Defendants Hobbs, Reed, King, and Dempsey are barred.

### B.    Defendants Hobbs, Reed, and King

Although Plaintiff's claims against all Defendants are barred, the Court also finds that his claims against Defendants Hobbs, Reed, and King would fail even if pursued in their personal capacities.

#### 1.    Defendant Hobbs

Plaintiff's Statement of Claim is completely silent as to Defendant Hobbs. To the extent

4

Plaintiff seeks to bring a claim against Defendant Hobbs based on his supervisory position as ADC Director, such a claim must fail. Under § 1983 a supervisor incurs liability only when he is personally involved in the violation or when his corrective inaction constitutes deliberate indifference. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). With regard to corrective inaction, "the supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see." *Ripson v. Alles*, 21 F.3d 805, 809 (8th Cir. 1994) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). Nothing in Plaintiff's Complaint, however, indicates that Defendant Hobbs had either personal involvement in the alleged violation or knowledge of it. Accordingly, a §1983 damages claim pursued against Defendant Hobbs in his personal capacity would fail.

2.    Defendant Reed

Plaintiff fails to mention Defendant Reed in his Statement of Claim. As noted above, Defendant Reed cannot be held liable under § 1983 solely based on his supervisory position as warden of the ORCU. In the absence of allegations indicating personal involvement in or knowledge of the incident, the Court concludes that a §1983 damages claim against Defendant Reed in his personal capacity would fail.

3.    Defendant King

In his Complaint, Plaintiff alleges only that he spoke to Defendant King in the wake of the alleged attack, and was told to "do what [he] needed to do" (Doc. No. 2 at 5).[3] Plaintiff then spoke with two other correctional officers who allegedly threatened him to quiet his complaints about the

_____

[3]Plaintiff also alleges that he spoke to Defendant King after he was attacked by Mr. Hamm on a separate, earlier occasion (Doc No. 2 at 5). Defendant King allegedly told Plaintiff that it was his own fault for "being close enough" (*Id.*). As the earlier assault is beyond the scope of this action, these allegations are irrelevant.

incident. Plaintiff does not allege that the threats were made at Defendant King's direction. Nor does he allege that Defendant King had any involvement in the attack itself. To the extent Plaintiff alleges supervisory liability, those claims would also fail for lack of alleged involvement or knowledge on the part of Defendant King.  So, a §1983 damages claim against Defendant King in his personal capacity would fail.

V.      **CONCLUSION**

        IT IS THEREFORE RECOMMENDED that:

        1.      Plaintiff's Complaint be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

        2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[4]

        3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

        Dated this 28th day of May, 2014.

        _____
        JOE J. VOLPE
        UNITED STATES MAGISTRATE JUDGE

---

        [4] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."