UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT JEFFREY BRADY                                                                 PLAINTIFF

v.                          Civil No. 6:14-CV-06146-SOH-BAB

CORRECTIONAL OFFICER DEMPSEY                                                DEFENDANT

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff, Robert Jeffrey Brady, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendant's Motion for Summary Judgment. ECF No. 34. Plaintiff responded orally in person at a summary judgment hearing held on December 2, 2015. After careful consideration of the briefing, the undersigned makes the following Report and Recommendation.

**I.     BACKGROUND**

Plaintiff filed his Complaint in the Eastern District of Arkansas on March 20, 2014. ECF No. 2. On June 16, 2014, the Honorable Joe J. Volpe entered a preservice screening Order dismissing Plaintiff's Complaint against all Defendants except Officer Dempsey, and granting Plaintiff's Motion to file an Amended Complaint against Officer Dempsey.. ECF No. 8. Plaintiff filed his Amended Complaint on August 4, 2014. ECF No. 13. The case was properly transferred

1

to this District on December 16, 2014. ECF No. 27.

In his Amended Complaint, Plaintiff alleges Defendant violated his constitutional rights by failing to protect him from assault by another inmate. He alleges both official and individual capacity claims. Plaintiff alleges Defendant left him alone with an inmate with a "punitive" classification in violation of Arkansas Department of Corrections ("ADC") policy on September 4, 2013. This occurred while Plaintiff was in a wheelchair recuperating after amputation of his left foot and leg after a prior altercation with this same inmate. He alleges he was pulled out of his wheelchair and thrown to the floor. As a result, three stitches were broken, his stump was bleeding and swollen, he suffered pain, and his recovery time was prolonged. Further, as a result of this attack, his stump has developed a "knot" which is now interfering with his ability to be fitted with a prosthesis. ECF No. 13.

In his Summary Judgment Brief, Defendant admits he was found to be in violation of ADC policy after an investigation. ECF No. 36, p. 5.

## II.    LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set

forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.   DISCUSSION

Defendant raises three arguments for Summary Judgment: 1) Defendant is entitled to sovereign immunity protection for the official capacity claims; 2) Defendant had no knowledge of Inmate Hamm's punitive status and was unaware of any prior altercations between Plaintiff and Inmate Hamm; and 3) Defendant is entitled to qualified immunity. ECF No. 36.

#### A.   Official capacity claims

Plaintiff claims Defendant violated his constitutional rights by failing to protect him from assault by another inmate.

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity

3

> itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

There is no evidence of any custom or policy of the county on the record to support Plaintiff's official capacity claim.

Accordingly, I recommend that Defendant's Motion for Summary Judgment (ECF No. 34) be **GRANTED** as to Plaintiff's official capacity claims against him.

### B.   Failure to Protect - Individual Capacity

Prison officials have a duty, under the Eighth Amendment, to protect prisoners from violence at the hands of other prisoners. *See Perkins v. Grimes,* 161 F.3d 1127, 1129 (8th Cir. 1998). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victims's safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

To prevail on his failure to protect claim, Plaintiff must satisfy a two prong test: (1) show he was "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison officials were "deliberately indifferent [to his] health or safety." *See Holden v. Hirner,* 663 F.3d 336, 341 (8th Cir. 2011) (internal citations omitted). The first prong is an objective requirement to ensure the deprivation is a violation of a constitutional right. *Id.* The second, however, is

4

subjective requiring Plaintiff show the official "both knew of and disregarded 'an excessive risk to inmate health or safety.'" *Id. (quoting Farmers,* 511 U.S. at 837). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk,* 508 F.3d 868, 873 (8th Cir. 2007). Negligence alone is insufficient to meet the second prong, instead, the official must "recklessly disregard a known, excessive risk of serious harm to the inmate." *Davis v. Oregon County,* 607 F.3d 543, 549 (8th Cir. 2010) (internal quotation marks and citation omitted). Furthermore, "[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis,*" however, "[n]o clear line divides *de minimis* injuries from others." *Irving v. Dormire,* 519 F.3d 441, 448 (8th Cir. 2008).

Defendant argues Plaintiff cannot meet either prong of the test. He argues there is no evidence of serious risk of harm. He further argues he had no knowledge of Inmate Hamm's punitive status, of any prior altercations between Plaintiff and Inmate Hamm, or incidents where Inmate Hamm assaulted other officers. ECF No. 36, p. 9-10. He argues Plaintiff seems to allege mere negligence and violation of ADC policy, which is not actionable.

At the hearing, Plaintiff testified there are yellow signs on punitive inmate cell doors. He testified Defendant Dempsey would have had to unlock Inmate Hamm's door, in full view of the yellow sign identifying him as a punitive inmate, in order to remove him from his cell.

Plaintiff also testified as to Inmate Hamm's reputation, indicating Hamm has been at the hospital unit for four years and has been on punitive status for at least three years. He also submitted several exhibits, all but one of which had been previously filed in the case. ECF No. 53. These included a disciplinary he had received for a prior altercation with Inmate Hamm. This disciplinary was dated July 29, 2013 and is marked as Exhibit C. ECF No.53, p. 9. The one

5

document not previously filed is Exhibit I, which shows a list of inmates by housing area. This list does not include Inmate Hamm, but does show the custody levels and job assignments, including "unassigned - punitive" levels for each inmate listed. ECF No. 53, p. 35-41.

Thus, it appears that there are disputed material questions of fact remaining as to Defendant Dempsey's knowledge of the risk to Plaintiff's health and safety. These same facts will apply to the question of qualified immunity.

Accordingly, I recommend that Defendant's Motion for Summary Judgment (ECF No. 34) be **DENIED** as to Plaintiff's failure to protect claim against Defendant in his individual capacity.

## IV. CONCLUSION

For the reasons stated, I recommend that Defendant's Motion for Summary Judgment (ECF No. 34) be **GRANTED** as to Plaintiff's official capacity claims and **DENIED** as to Plaintiff's individual claims against Defendant Dempsey.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **5th day of January 2016.**

                                                /s/ Barry A. Bryant

                                                HON. BARRY A. BRYANT
                                                UNITED STATES MAGISTRATE JUDGE